## H. Laskey, Defendant in Error, v. Samuel Mendelson and Benjamin Mendelson, trading as Mendelson Brothers, Plaintiffs in Error.

### Gen. No. 21,548.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 17, 1916.

## Statement of the Case.

Action by H. Laskey, plaintiff, against Samuel Mendelson and Benjamin Mendelson, trading as Mendel-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

son Brothers, defendants, in the Municipal Court of Chicago, to recover for goods sold and delivered. This case was previously before this court (191 Ill. App. 597), where the judgment was reversed. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

MOSES, ROSENTHAL & KENNEDY, for plaintiffs in error; SIGMUND W. DAVID, of counsel.

ISADORE S. BLUMENTHAL, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 329*—*when evidence sufficient to establish sale.* In an action to recover for goods sold and delivered, where the defense was that the goods sued for were sold to a corporation which later became bankrupt, and not to defendants individually, evidence *held* to sustain a finding that plaintiff had maintained his claim by a preponderance of the credible evidence, it appearing that defendants owned all the stock of such corporation with the exception of one share, and that the bankruptcy schedules filed by such corporation did not list plaintiff as a creditor.

2. SALES, § 326*—*when evidence tending to show sale to third person immaterial.* In an action to recover for goods sold and delivered, where the defense was that the goods sued for were sold to a corporation which later became bankrupt, and not to defendants individually, it is immaterial that defendants and such corporation were in the same line of business, or that defendants' wagons were lettered with the name of the corporation, or that a fire destroyed the books and property of the corporation, since none of these conditions were chargeable in any way to the act of plaintiff.

3. ACCOUNT STATED, § 4*—*when recovery not barred.* Where it is undisputed that an account sued on has not been paid, recovery thereon is not barred by the fact that while the suit was pending plaintiff rendered other bills to defendants, which were paid by them, whether the delay in rendering the account sued on was due to accident or to design on the part of plaintiff.

4. SALES, § 329*—*when fact that seller refused to prove claim*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*in bankruptcy not evidence of liability of third person.* In an action to recover for goods sold and delivered, where the defense was that the goods sued for were sold to a corporation which later became bankrupt, and not to defendants individually, the refusal of plaintiff, on request, to prove his claim in bankruptcy is consistent with his attitude in the action, that defendants and not the corporation were his debtors.